JOURNAL ENTRY AND OPINION
Defendant-appellant Suzanne Howard (defendant) appeals from the trial court's judgment for plaintiff-appellee Mary Fiyalko (plaintiff) on her claim for fraudulent transfer pursuant to R.C. 1336.04(A)(1). After a review of the record, we affirm.
The pertinent facts, as derived from the record, are set forth as follows: Between 1986 and 1990, plaintiff gave defendant's ex-husband James M. Howard (Mr. Howard), over $700,000 for investment. During this time, Mr. Howard provided plaintiff with inaccurate statements concerning her investments. In 1991, Mr. Howard executed a promissory note in the amount of $600,000 to plaintiff of which Mr. Howard repaid $67,200. In 1994, Mr. Howard was indicted and convicted of wire fraud in federal court, incarcerated, and ordered to pay restitution in the amount of $660,134 to plaintiff.
The night before he left to serve his sentence, Mr. Howard gave defendant, his then wife, a check in the amount of $36,000 that she deposited into the couple's joint bank account. Mr. Howard describes his financial position at that time as tenuous and states that he was behind on some of his obligations. Defendant also testified that she knew that they were having financial problems between 1986 and 1994. It is undisputed that defendant had little, if any, knowledge of her former husband's business dealings. However, defendant testified that at the time she received the $36,000 check, Mr. Howard informed her that plaintiff had brought charges against him for misdirecting her funds. Mr. Howard further advised defendant that this resulted in the federal charge against him for wire fraud. Defendant subsequently understood the amount of funds to be $750,000.
In 1999, plaintiff filed claims against defendant and Mr. Howard. The parties submitted the matter to the court on briefs. The court awarded judgment in favor of plaintiff on her claim for fraudulent transfer against defendant and found in favor of defendant on all other counts. Defendant filed a timely appeal and raises the following assignment of error for our review:
 I. THE TRIAL COURT ERRED IN DETERMINING THAT THE $36,000.00 GIVEN TO DEFENDANT/APPELLANT SUZANNE HOWARD WAS A FRAUDULENT CONVEYANCE IN VIOLATION OF OHIO REVISED CODE SECTION 1336 WHEN THE PREPONDERANCE OF EVIDENCE FAILED TO SUPPORT SUCH FINDING.
The focus of this appeal is the application of R.C. 1336.04(A)(1) which provides:
 (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
 (1) With actual intent to hinder, delay, or defraud any creditor of the debtor;
The statutory provisions contain the following factors that may be considered by the court in determining the existence of actual intent:
 (B) In determining actual intent under division (A)(1) of this section, consideration may be given to all relevant facts, including, but not limited to, the following:
 (1) Whether the transfer or obligation was to an insider;
 (2) Whether the debtor retained possession or control of the property transferred after the transfer;
 (3) Whether the transfer or obligation was disclosed or concealed;
 (4) Whether before the transfer or obligation was made or the obligation was incurred, the debtor had been sued or threatened with suit;
 (5) Whether the transfer was of substantially all of the assets of the debtor;
(6) Whether the debtor absconded;
 (7) Whether the debtor removed or concealed assets;
 (8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
 (9) Whether the debtor was insolvent or became solvent shortly after the transfer was made or the obligation was incurred;
 (10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred;
 (11) Whether the debtor transferred the essential assets of the business to a lien holder who transferred the assets to an insider of the debtor.
R.C. 1336.04(B).
Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C. E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. Defendant argues that the record contains insufficient evidence to support the trial court's finding of a fraudulent transfer in this case. However, the record contains competent, credible evidence that supports the judgment.
In order to establish actual intent, it is not necessary to introduce direct evidence of fraudulent intent, but rather evidence of certain traditionally designated `badges' or indicia of fraud * * * have generally been held to be sufficient to show fraud and invalidate the transfer of property. McKinley Federal Sav. Loan v. Pizzuro Enterprises, Inc. (1990), 65 Ohio App.3d 791, 796, quoting In re Poole (Bankr.Ct., N.D. Ohio 1981), 15 B.R. 422, 431-432. Further, whether or not defendant had knowledge of Mr. Howard's fraudulent intent is not necessary to a finding of a fraudulent transfer by the debtor. Id. at 798 (knowledge on the part of the grantee of the grantor's actual fraudulent intent is not a necessary element); see, also, City Trust Savings Bank v. Weaver (1941), 68 Ohio App. 323.
The record contains both competent and credible evidence, derived from the testimony of Mr. Howard and defendant, to establish several factors or badges of fraud that may be considered in finding actual intent under the statute. The transfer was to an insider. R.C. 1336.04(B)(1) and R.C.1336.01(G)(1)(a). Defendant deposited the check into the couple's joint account, leaving the funds within the possession or control of Mr. Howard. R.C. 1336.04(B)(2). At the time of the transfer, Mr. Howard had already executed a promissory note to plaintiff for $600,000 and was leaving to serve a prison term connected with plaintiff's charges that he misdirected her funds. R.C. 1336.04(B)(4) and (6). Shortly after the transfer, the federal court ordered Mr. Howard to pay plaintiff restitution of over $600,000. R.C. 1336.04(B)(10). There is no evidence that Mr. Howard owed defendant this amount of money. R.C. 1336.04(B)(8). Because the record contains competent, credible evidence supporting the judgment, this assignment of error is overruled.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., AND ANN DYKE, J., CONCUR.